UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FATMA HAFIDH,<br>Individually on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PERFORMANT RECOVERY, INC.; and DOES 1 to 10, inclusive,<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. § 1693]** |

## CLASS ACTION COMPLAINT FOR DAMAGES

1. Plaintiff, FATMA HAFIDH ("Plaintiff"), through her attorneys, on behalf of herself and all others similarly situated, alleges the following against Defendant, PERFORMANT RECOVERY, INC. ("Defendant"):

### INTRODUCTION

2. Plaintiff's Complaint is brought pursuant to the Electronic Fund Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

3. Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 1005.10(b) of Regulation E, 12 C.F.R. § 1005.10(b). Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including

investigation conducted by her attorneys.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

5. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

6. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiff resides in this district and because Defendant does or transacts business within this District, and maintains its principal place of business in Tampa, Florida.

## PARTIES

7. Plaintiff is a natural person residing in Miami, Florida.

8. Defendant is a corporation with its State of Incorporation being California and its principal place of business being in Livermore, California.

## FACTUAL ALLEGATIONS

9. Within the last year, Defendant, a third party collection agency, was in contact with Plaintiff seeking to collect and/or recover payment for an alleged debt owed to her prior landlord under a previous lease agreement.

10. During telephone calls with Plaintiff, Defendant demanded that Plaintiff provide her personal banking information over the telephone so that Defendant could begin immediate automatic deductions from her account to satisfy the alleged debt.

11. Although apprehensive to provide such personal information to Defendant's agent over the telephone, for the sole purpose of attempting to make payment upon a past due balance, Plaintiff acquiesced to Defendant's demands and provided said information.

12. During these calls, Plaintiff also discussed payment arrangements with Defendant's agent in an effort to resolve the alleged debt.

13. The payment plan was to commence with Defendant electronically debiting Plaintiff's personal banking account the sum of $ 40.00 every month. The first payment was to be automatically deducted from Plaintiff's checking account on April 16, 2014, which was in fact automatically and electronically deducted from Plaintiff's personal banking account.

14. However, Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing the recurring or automatic payments.

15. Plaintiff did not provide Defendant either with a written or an electronic signature authorizing the recurring or automatic payments.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter the "Class") defined as follows:

> All persons in the United States who, within one year before the date of this complaint, entered into an agreement with PERFORMANT RECOVERY, INC. for PERFORMANT RECOVERY, INC. to electronically transfer funds from the person's bank account on a recurring basis where (1) the fund transfers were not authorized by a writing signed or similarly authenticated by the person, and/or (2) Defendant did not provide to the person a copy of any document which the person signed authorizing the preauthorized electronic fund transfers.

17. Plaintiff represents, and is a member of, the Class, consisting of all persons in the United States who, within one year before the date of this complaint, entered into an agreement with PERFORMANT RECOVERY, INC. for PERFORMANT RECOVERY, INC. to electronically transfer funds from the person's bank account on a

recurring basis where (1) the fund transfers were not authorized by a writing signed or similarly authenticated by the person, and/or (2) Defendant did not provide to the person a copy of any document which the person signed authorizing the preauthorized electronic fund transfers.

  18. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds to thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

  19. The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes hundreds, if not thousands, of members.  Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

  20. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

  21. There are questions of law and fact common to the Class affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

    a. The members of the Class entered into agreements with Defendant to have automatic, or recurring, electronic payments drawn from their personal accounts that were not authorized by a writing signed or similarly authenticated by the Class.

    b.  The members of the Class were not provided with written agreements memorializing the automatic or recurring electronic payments.

  22. Defendant did not request, nor did it provide, Class members with written agreements memorializing the automatic or recurring electronic payments. As someone whose bank account was debited on a reoccurring basis by Defendant without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers, Plaintiff is asserting claims that are typical of the Class.

  23. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

  24. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. It would be unduly burdensome to the courts for each member of the Class to litigate his or her claim on an individual basis. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and may magnify the delay and expense to all parties and to the court system. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

  25. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

  26. Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

  27. Defendant failed to comply with the writing and notice requirements of §

907(a) of the EFTA, 15 U.S.C. § 1693e(a) as to the Class members with respect to the above alleged transactions.

28. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

29. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

30. Section 1005.10(b) of Regulation E, 12 C.F.R. § 100510(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

31. In multiple instances, Defendant debited bank accounts of the Class members on a recurring basis without obtaining a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic fund transfers from the accounts of the respective Class members, thereby violating § 907(a) of the EFTA, 15 U.S.C. § 1693e(a).

32. In multiple instances, Defendant debited Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic funds transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 1005.10(b) of Regulation E, 12 C.F.R. § 1005.10(b).

33. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds, if not thousands, of individuals and is so numerous that joinder of all putative class members,

whether otherwise required or permitted, is impracticable.  The actual number of putative class members is in the exclusive control of Defendant.

34. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in class action litigation.

35. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

36. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

37. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

38. Upon information and belief, the size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

## COUNT I:
## DEFENDANT VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT

39. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

40. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the

term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

41. Section 1005.10(b) of Regulation E, 12 C.F.R. § 1005.10(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

42. In multiple instances, Defendant has debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 1005.10(b) of Regulation E, 12 C.F.R. § 1005.10(b).

43. In multiple instances, Defendant has debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 1005.10(b) of Regulation E, 12 C.F.R. § 1005.10(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KEISHA WILKERSON, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, HUNTER WARFIELD, INC., for the following:

44. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

45. Statutory damages of $1,000.00, per Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

1. Actual damages;

2. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3);

3. For prejudgment interest at the legal rate; and

4. Any other relief this Honorable Court deems appropriate.

## TRIAL BY JURY

46. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

RESPECTFULLY SUBMITTED

Dated: February 18, 2015          CRUMLEY & WOLFE, P.A.

By: /s/ Benjamin H. Crumley
Benjamin H. Crumley
Florida Bar Number: S18284
ben@cwbfl.com
Crumley & Wolfe, P.A.
2254 Riverside Avenue
Jacksonville, Florida 32204
Telephone: 904.374.0111
Facsimile: 904.374.0113
*Attorney for Plaintiff*